IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DOUGLAS KRILEY, *et al.*,; | ) |
| | ) Civil Action No.: |
| | ) 2:20-CV-00416-CBB |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Christopher B. Brown |
| | ) United States Magistrate Judge |
| XTO ENERGY INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER[1] ON MOTION TO EXCLUDE JOHN BURRITT MCARTHUR'S LEGAL OPINIONS REGARDING CLASS CERTIFICATION ECF NO. 106**

**Christopher B. Brown, United States Magistrate Judge.**

## I.  Introduction

This putative class action was initiated by Plaintiffs, a group of individuals who are leaseholders of oil and gas leases, against Defendant XTO Energy Inc ("XTO") alleging XTO breached their leases when it deducted unreasonable and excessive post-production costs from their royalty payments.

---

[1] Motions to strike expert reports are generally considered non-dispositive matters under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and may be decided by a magistrate judge. *See Delta Coatings, LLC v. Donjon Shipbulding and Repair, LLC*, No. 1:17-CV-69, 2019 WL 13198219, at *1 (W.D. Pa. June 20, 2019). A ruling striking expert testimony becomes dispositive only where it is tantamount to dismissing any party's claims. *Delta Coatings, LLC*, 2019 WL 13198219, at *1 ("A ruling on a party's motion to strike filings is non-dispositive, at least where it is not otherwise determinative of any party's claims. Therefore, [the Magistrate Judge's] decision in this matter is subject to the 'clearly erroneous or contrary to law' standard of review." (collecting cases). Striking the expert testimony here does not amount to dismissing Plaintiffs' case and may be decided by the undersigned via order and is subject to the "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). *See also* LCvR 72.C.2. ("Any party may object to a Magistrate Judge's determination made under this rule within fourteen (14) days after the date of service of the Magistrate Judge's order[.]").

1

Presently before the Court is a motion by XTO to exclude certain opinions of Plaintiffs' expert John Burritt McArthur ("McArthur") regarding class certification under Federal Rule of Evidence 702.[2] ECF No. 106.  The motion is fully briefed and ripe for disposition. ECF Nos. 107, 112, 114.  The Court determined that given the subject matter of the motion, a hearing was not necessary. ECF No. 113.  For the reasons below, XTO's motion is granted.

## II.    Discussion

XTO argues that portions of McArthur's reports should be stricken because McArthur improperly offers legal conclusions advocating for class certification under Fed. R. Civ. P. 23.  Plaintiffs do not dispute that McArthur's reports contain some legal conclusions (and indicate they do not intend to offer that testimony as an

---

[2]    Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In determining whether an expert's testimony is admissible under Fed. R. Evid. 702, the court acts as a "gatekeeper" to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  "Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge[, i.e., reliability]; and (3) the expert's testimony must assist the trier of fact[, i.e., fit]." *U.S. v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) (internal quotation marks, alterations and citations omitted).  "The proponent of the expert testimony must prove these three requirements by a preponderance of the evidence." *City of Sterling Heights Gen. Employees' Ret. System v. Prudential Fin., Inc.*, No. CIV.A. 12-5275, 2015 WL 5097883, at *4 (D.N.J. Aug. 31, 2015).

expert opinion) but maintains the reports also contain testimony based on industry standard in the oil and gas field.[3] ECF No. 112 at 3, 4-10.

An expert is prohibited from testifying "as to the governing law of the case" *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006), because it is the court's duty to determine how the law applies. *Id.  See also U.S. v. Leo*, 941 F.2d 181, 197 (3d Cir. 1991) (allowing expert to testify about customs and practices in a field of business but not whether those customs or practice complied with the law or regulations).  Therefore, where an expert offers a legal opinion, the court must "exclude opinions phrased in terms of inadequately explored legal criteria." Fed. R. Evid. 704, advisory committee's note.  McArthur's reports highlighted by XTO largely offer legal opinions about whether Plaintiffs' proposed class should be certified under the Fed. R. Civ. P. 23 factors and will not be considered in the forthcoming recommendation on the motion for class certification.[4] *Marshall v.*

---

[3]    Plaintiffs mistakenly argue that there is no basis to strike McArthur's reports in their entirety. ECF No. 112 at 8.  However, XTO is not seeking to strike the entirety of McArthur's reports, and only seeks the Court to exclude certain opinions as they have highlighted. ECF No. 107 at 9.  Further, Plaintiffs' passing reference that the "jury" should be permitted to consider McArthur's opinions on industry customs and standards is not presently before the Court and no decision will be made on that merits-based issue. *See* ECF No. 112 at 8.  Accordingly, XTO may make those challenges, if necessary, at the appropriate procedural juncture.

[4]    For example, McArthur opines that the class members are ascertainable, typical, and adequate, that common issues predominate, and that class treatment is a superior means to adjudicate the dispute. *See* ECF No. 107-1 at ¶ 4 ("my report does point out what I believe are issues of law that will be shared by all class members . . ."); ¶ 7 ("The bulk of the questions in this case . . . are shared by the class."); ¶ 10 ("Class treatment is not just the most efficient way, but likely the only feasible way, to compensate the injury of most of the class members."); ¶ 16 ("The class members share the questions on which the litigation is likely to focus so that an answer to these questions for the class representatives will answer them for all class members[.]"); ¶ 19 ("The reasonableness of XTO's deductions will be common to the class."); ¶¶ 24-27 (outlining common questions between the putative class members and the efficiency of the class model).  In addition to opining on the providence of maintaining this action as a class, McArthur provides opinions on the feasibility for XTO to conduct discovery to ascertain class members. ECF No. 107-2 at ¶¶ 32; 35- 36; 41-42.  These opinions are thinly veiled legal conclusions and will not be considered. *Romero v.*

*Prestamos CDFI, LLC*, No. 5:21-CV-04337-JMG, 2025 WL 1250023, at *4 (E.D. Pa. Apr. 30, 2025). However, to the extent McArthur's expert reports contain opinions based on standards, customs and practices of the oil and gas industry, the Court will consider those opinions where relevant.[5] *Berckeley Inv. Group, Ltd.*, 455 F.3d at 217.

Accordingly, the following Order is entered:

### ORDER

AND NOW, this 30th day of May, 2025, it is hereby ORDERED that XTO's motion to exclude certain legal opinions by Plaintiffs' expert John Burritt McArthur under Federal Rule of Evidence 702 ECF No. 106 is GRANTED and insofar as McArthur presents legal opinions, his reports will be disregarded in any recommendation on the motion for class certification.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

---

*Allstate Ins. Co.*, 52 F. Supp. 3d 715, 723 (E.D. Pa. 2014) (expert who put forth his own legal analysis for why the putative class should be certified under Fed. R. Civ. P. 23's factors usurped the court's role as the legal expert); *In re Wellbutrin SR Antitrust Litig.*, No. CIV.A. 04-5525, 2010 WL 8425189, at *2 (E.D. Pa. Mar. 31, 2010) ("[D]istrict courts have discretion to allow expert legal testimony where it would be helpful for the trier of fact to 'understand the evidence,' Federal Rule of Evidence 702, but they cannot allow experts to explain the law.")

[5]   For example, some of the opinions XTO objects to include McArthur's opinions on the use of standard form contracts in the oil and gas industry, ECF No. 107-1 at ¶ 12, and industry practice for charging deductions that form the basis of the claims here. *Id*. at ¶¶ 31, 33-34; ECF No. 107-2 at ¶¶ 11, 17. The Court does not consider these opinions as usurping the Court's role in determining the law and will consider them when relevant.